**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4112**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TONY BERNARD ALEXANDER, a/k/a Sealed Dft #1,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:95-cr-00178-MOC-1)

———————

Submitted: August 19, 2016      Decided: September 14, 2016

———————

Before NIEMEYER, TRAXLER, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Tony Bernard Alexander, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony B. Alexander appeals from the district court's order revoking his supervised release and imposing an 11-month sentence. On appeal, Alexander contends that the probation officer presented false testimony, and that the sentence imposed is unreasonable.[*] Finding no error, we affirm.

To revoke supervised release, a district court need only find a violation of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). This standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (citation and internal quotation marks omitted). Here, the district court heard the evidence presented by the probation officer and heard Alexander's argument that the officer's testimony was false. We conclude that the district court's finding of a violation is supported by the evidence and there is no clear error in the court's credibility determination. See United States v. Hall, 664 F.3d 456, 462 (4th Cir. 2012) (providing that great deference is given to trial court's credibility determinations). We find no abuse of discretion by the district court in revoking Alexander's

---

[*] We grant Alexander's motions to supplement his informal brief and have considered the arguments raised therein.

2

supervised release upon finding that he violated the terms of his supervision. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992).

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence if it is within the statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). The district court properly considered the applicable Chapter 7 policy statements in the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable in the supervised release revocation context, see 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 439, and provided sufficient explanation for the sentence imposed, see United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). The court noted the policy statement recommendation of an 8 to 14 month sentence and, addressing the relevant factors, the court denied the Government's motion for an upward departure and determined that an 11-month sentence would be appropriate. We conclude that the court's explanation for the selected sentence is sufficient.

We have reviewed the record and conclude that the district court did not err in finding that Alexander violated the terms of his supervision and did not abuse its discretion in imposing an 11-month sentence to be followed by an 8-year term of supervised

release.  We therefore conclude that the sentence imposed was not plainly unreasonable.  <u>See</u> <u>Crudup</u>, 461 F.3d at 439-40. Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>